UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RYAN NOAH SHAPIRO, *et al*. ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF JUSTICE ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 12-1883 (BAH) <br> (ECF) |

### DEFENDANT'S MOTION TO SEVER

Pursuant to Fed. Rs. Civ. P. 20(a) and 21, the Department of Justice ("Defendant"), by and through the undersigned counsel, respectfully moves to sever the claims filed by Ryan Shapiro ("Shapiro"), Jeffrey Stein ("Stein"), National Security Counselors ("NSC"), and Truthout ("Truthout") (collectively "Plaintiffs") because they are not logically related to one another and will inevitably result in inefficient litigation and a burden on the Court as evidenced by other litigation involving the Plaintiffs.

### BACKGROUND

This Complaint has been brought by four different plaintiffs against four DOJ components (FBI, OIP, Civil Division and EOUSA), and involves 80 different FOIA requests for disparate information. No plaintiff requested the same records from more than one component – *e.g.*, Shapiro did not ask multiple components for the same records.[1] Similarly, no component received requests from more than one plaintiff seeking the same records – *e.g.,* Shapiro and Stein did not submit separate requests to the FBI seeking the same records.

---

[1] To be sure, some of the requests seek similar types of records – *e.g.*, records generated during the administrative processing of FOIA requests – but none of them seek the same records from multiple components.

The subject matters of the requests are wide-reaching and diverse, ranging from requests for records generated during the administrative processing of FOIA requests to requests for reference/training materials and manuals.  Similarly, the claims made by plaintiffs in their Complaint cover a range of unrelated issues, and include challenges to searches, fee waiver denials and fees assessments, and application of exemptions to withhold records.  The requests are also in various stages in the administrative process for all four DOJ components, with some still pending at the initial processing stage, some partially processed and/or administratively adjudicated, and some fully processed and administratively adjudicated.

The causes of action in the Complaint related to the FBI can roughly be categorized into three groups.  First, plaintiffs challenge the FBI's invocation of FOIA Exemption 7(E) in response to requests from Stein, NSC, and Truthout for records generated during the administrative processing of numerous FOIA requests.  None of the FOIA requests submitted by Stein, NSC, or Truthout sought the same sets of processing records.  Second, Plaintiffs challenge the FBI's responses to requests from Stein, NSC, and Truthout for administrative processing records related to certain first-party FOIA requests that were the subject of other FOIA litigation involving the FBI.[2]   Third, Plaintiffs challenge the amount of fees assessed in response to particular FOIA requests submitted by Stein, NSC, and Truthout.[3]   However, as noted above, even though the requests related to each category bear some facial similarities, none of them seek the same records and most implicate divergent subject matter.  Moreover, Shapiro's cause of action against the FBI (First Cause of Action) does not fall within any of these categories;

---

[2]    Plaintiffs make no allegations in their Complaint that Shapiro requested similar records from, and was denied access to them by the FBI.

[3]    Plaintiffs make no allegations in their Complaint that Shapiro was charged excessive fees.

rather, his claim concerns the FBI's failure to timely respond to his requests.

The cause of action against OIP concerns Shapiro's allegations that OIP failed to timely respond to a request for processing records related to 40 administrative appeals that he submitted and to a request for records about the determination that he was entitled to a public interest fee waiver.  None of the other Plaintiffs made any allegations against OIP, and aside from the general nature of the requested records (i.e., records generated during the administrative processing of FOIA appeals), neither of these requests bears any similarities to any of the other requests identified in the Complaint.

The cause of action against the Civil Division concerns NSC's challenge to the Civil Division's denial of its requests for public interest fee waivers in two instances.  None of the other Plaintiffs made any allegations against the Civil Division, although NSC did challenge the FBI's denial of its public interest fee waiver request in relation to one FOIA request.[4]

Finally, the cause of action against EOUSA concerns Stein's challenge to EOUSA's processing of his request for records from the Freedom of Information and Privacy Brief Bank that resides on an intra-DOJ webpage maintained by EOUSA.  None of the other Plaintiffs made any allegations against EOUSA, and none of the other FOIA requests at issue in the Complaint bear any similarities to this request.

### ARGUMENT

**Plaintiffs' Claims are Improperly Joined under Fed. R. Civ. P. 20**

Plaintiffs allege a variety of claims that are not logically related, do not arise out of the same transactions or occurrences, and are not governed by common questions of fact or law.

---

[4]    The FOIA requests to the Civil Division and the FOIA request to FBI sought different records.

Thus, the principles underlying joinder of claims are not served here because, given the wide-ranging nature of Plaintiffs' claims, judicial efficiency would not be served.  To the contrary, resolution of the myriad claims in this case will likely require piecemeal, count-by-count dispositive briefing that would result in inefficiency to the Court.  Consequently, the claims of each Plaintiff should be severed into separate actions.

The legal principles governing severance and joinder are well established.  "The court may sever claims if parties are improperly joined." *Davidson v. Dist. of Columbia*, 736 F.Supp.2d 115, 119 (D. D.C. 2010)(citing Fed. R. Civ. P. 21).  "In determining whether parties are misjoined for purposes of Rule 21, courts apply the permissive joinder requirements of Rule 20(a)." *Id*. (citing *Montgomery v. STG Int'l, Inc*., 532 F.Supp.2d 29, 35 (D. D.C. 2008)). Plaintiffs are properly joined if "they assert any right to relief. . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and if "any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1). Pursuant to the first prong of the Rule 20(a) test, [plaintiff's] claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(1), only if they are "'logically related.'" *Maverick Entm't Grp., Inc. v. Does 1-2,115*, 810 F.Supp.2d 1, 12 (D. D.C. 2011)(quoting *Disparte v. Corporate Exec. Bd*., 223 F.R.D. 7, 10 (D. D.C. 2004)); *accord Bederson v. United States*, 756 F.Supp.2d 38, 54 (D. D.C. 2010).  When asked to decide whether permissive joinder is appropriate, the district court should be guided by the underlying aims of joinder, which include promoting judicial economy, expediting the resolution of disputes, and eliminating unnecessary litigation. *Council on American-Islamic Rels. Action Network*, 2012 U.S. Dist. Lexis 131788, *44 (D. D.C. 2012).

"[P]arties are misjoined when the preconditions of permissive joinder set forth in Rule 20(a) have not been satisfied." *Disparte*, 223 F.R.D. at 12. The remedy for misjoinder therefore creates separate actions containing the same claims. *See Bailey v. Fulwood*, 780 F.Supp.2d 20, 26 (D. D.C. 2011); *In re Brand-Name Presc. Drugs Antitrust Litig.*, 264 F.Supp.2d 1372, 1376 ("[S]everance of claims under Rule 21 results in the creation of separate actions."). In addition to the two requirements of Rule 20(a)(1), courts also consider whether joinder would prejudice any party or result in needless delay. *See Lane v. Tschetter*, Civ. 2007 U.S. Dist. Lexis 49524, 2007 WL 2007493, at *7 (D. D.C. July 10, 2007); *Tenet*, 216 F.R.D. at 138.

Plaintiffs' claims fail the permissive joinder test. In *Battle v. Dist. of Columbia*, 2009 U.S. Dist. Lexis 127375 (D. D.C. 2009), this Court severed the plaintiffs' claims, even though they arose under the same statute, because the claims were based on separate administrative proceedings and decisions that were issued on different dates and involved different students. *Id.* at *4-*6. Similarly, in *Davidson*, this Court concluded that the plaintiffs had "offered nothing to indicate that their claims were logically [or temporally] related" and "[t]he flexibility inherent in the logical relationship test does not give the court license to disregard the 'common transaction and occurrence' requirement of Rule 20(a)." 736 F.Supp.2d at 120-21. These same principles apply in the instant matter. The only thing that Plaintiffs' claims have in common is that they arise out of the FOIA. However, as the cited authority indicates, this is not enough.

Moreover, Plaintiffs' claims are not logically related in any meaningful way. None of the requests seek the same or substantially similar records from any of the Defendant components and Plaintiffs allege a variety of different legal claims regarding each components' handling of the myriad requests at issue in the Complaint. *See generally* ECF No. 1. To boot, Plaintiffs' requests are at various stages of the administrative exhaustion spectrum and are not

temporally related.  *Id*.

Moreover, other actions before this Court arising from similarly unwieldy complaints filed by the Plaintiffs reveal that such litigation is not the model for "the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1; *see, e.g.*, *Nat. Security Counselors, et al. v. CIA*, 11-443 (BAH); *Nat. Security Counselors, et al. v. CIA*, 11-444 (BAH); *Nat. Security Counselors, et al. v. CIA*, 11-445 (BAH); and *Nat. Security Counselors, et al. v. CIA*, 12-284 (BAH).  It is not difficult to predict that, in a case like this (involving four Plaintiffs, four component Defendants, dozens of unrelated FOIA requests at various stages in the administrative process, and myriad legal challenges), there is a high risk for piecemeal, choppy litigation.  Thus, because the considerations of speedy litigation and judicial economy do not appear to be served by the form of Plaintiffs' complaint, the Court should sever the action as a way to abate the inherent inefficiencies associated with resolving such an unwieldy complaint.

Finally, to the extent that what appears to be four separate actions are filed in one action, this Court frowns upon such a practice if the purpose is to avoid paying filing fees.  *Stancil v. Bradley Investments, LLC (In re Stancil)*, 473 B.R. 478, 481 (D. D.C. 2012)(filing two bankruptcy cases within one petition "must be treated as commencing separate cases limited to one entity for each such case, with a filing fee to be paid for each case."); *see also Bubble Gum Prods., LLC v. Doe*, 2012 U.S. Dist. Lexis 100203, *16 (S.D. Fl. 2012)(concluding that plaintiff's interest in joining several defendants in one action to avoid paying filings fees was trumped by the principles of speedy litigation and judicial economy that underlie Rule 20).

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this motion be granted.

January 25, 2013                                    Respectfully submitted,

                                                RONALD C. MACHEN JR, D.C. BAR # 447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Civil Chief

By:     /s/
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RYAN NOAH SHAPIRO**, *et al*. ) | ) |
| Plaintiffs ) | ) |
| ) | Civil Action No. 12-1883 (BAH) |
| v. ) | (ECF) |
| ) | |
| **DEPARTMENT OF JUSTICE** ) | ) |
| Defendant. ) | ) |

## ORDER

**UPON CONSIDERATION** of Defendant's Motion to Sever the Complaint filed by

Ryan Noah Shapiro, *et al*. ("Plaintiffs"), it is hereby

**ORDERED** that Defendant's Motion is hereby granted, and

**ORDERED** that Plaintiffs' complaint is hereby severed into four separate actions.

_____                                 _____
DATE                                     HONORABLE BERYL A. HOWELL, U.S.D.J.

Kenneth Adebonojo
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530

Kelly Brian McClanahan, Esq.
National Security Counsels
1200 South Courthouse Road
Suite 124
Arlington, VA 22204
kel@nationalsecuritylaw.org

Jeffrey Louis Light, Esq.
Law Office of Jeffrey Light
1712 Eye Street, NW, Ste. 915
Washington, DC 20006
Telephone: (202) 277-6213
Facsimile:  (202) 223-5316
Email: jeffrey.light@yahoo.com

## **CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing Defendant's Motion to Sever Plaintiff's Complaint to be served upon Plaintiffs' counsel via ECF.

on this 25th day of January, 2013            /s/
                                                                    KENNETH ADEBONOJO
                                                                    Assistant United States Attorney